[761 NYS2d 83]

In the Matter of HARVEY BAYER, a Suspended Attorney, Resignor.

Second Department, May 12, 2003

### APPEARANCES OF COUNSEL

*Harvey Bayer*, Mount Vernon, resignor pro se.

*Gary L. Casella*, White Plains, for Grievance Committee for the Ninth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Harvey Bayer has submitted an affidavit dated January 10, 2003, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Bayer was admitted to the bar by the Appellate Division of the Supreme Court in the Second Judicial Department on October 18, 1961.

Mr. Bayer avers that his resignation is submitted voluntarily, free from coercion and duress, and with a full awareness of the implications of its submission, including the fact that he is thereby barred from seeking reinstatement for at least seven years. Mr. Bayer is aware that he is currently the subject of an investigation by the Grievance Committee for the Ninth Judicial District based upon a complaint filed by an attorney employed by the Mental Hygiene Legal Service (hereinafter MHLS) on behalf of his former client. MHLS represented the former client, alleged to be incapacitated, in a Mental Hygiene Law article 81 proceeding in the Supreme Court, Westchester County. The complainant alleges that Mr. Bayer breached his fiduciary duty with respect to escrow funds he was managing for the former client, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

The Grievance Committee's investigation further revealed irregularities with respect to Mr. Bayer's handling of escrow funds that he was holding on behalf of other clients. Mr. Bayer disbursed checks to cash, disbursed checks before related deposits were made and/or cleared, disbursed funds in excess of those on deposit in several matters, and failed to disburse all funds on deposit in several other matters, some of which were earned fees which Mr. Bayer left on deposit in the escrow account. Mr. Bayer conceded that he failed to maintain required bookkeeping records and failed to review bank statements.

Mr. Bayer avers that he failed to administer his various escrow accounts properly and failed to take proper safeguards with respect to those funds on deposit. He acknowledges his inability to successfully defend himself on the merits against formal charges which would be predicated upon the aforesaid irregularities.

Mr. Bayer notes that none of his clients made a monetary claim against him. He intends to disburse all funds held in his escrow account to the extent any client is entitled to such funds. Mr. Bayer is aware that in an order permitting him to resign, the Court could require that he make monetary restitution to any person whose money or property may have been misappropriated or to reimburse the Lawyers' Fund for Client Protection for same. Mr. Bayer is further aware that any order issued pursuant to Judiciary Law § 90 (6-a), could be entered as a civil judgment against him. He specifically waives the right afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of Mr. Bayer's resignation as the most expeditious way to conclude this matter, protecting the public while saving the Court time and expense.

Inasmuch as the proffered resignation comports with appropriate Court rules, it is accepted, effective immediately, Harvey Bayer is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and CRANE, JJ., concur.

Ordered that the resignation of Harvey Bayer is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Harvey Bayer is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Harvey Bayer shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Harvey Bayer is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.